JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Jessica Gilbert

**DEFENDANTS**

Cordicate IT, LLC
Sean Baird

**(b)** County of Residence of First Listed Plaintiff    Hillsborough County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq., Console Mattiacci Law, LLC
1525 Locust St., 9th Fl., Philadelphia, PA 19102 (215) 545-7676

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq.

Brief description of cause:
Plaintiff was discriminated againted because of her sex/pregnancy.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE    03/02/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Apollo Beach, Florida _____

Address of Defendant: _____ 794 Penllyn Blue Bell Pike, Suite 200, Blue Bell, PA 19422 _____

Place of Accident, Incident or Transaction: _____ 794 Penllyn Blue Bell Pike, Suite 200, Blue Bell, PA 19422 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐ No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐ No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐ No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/02/2021 _____ _____ 319145

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☑ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Brian C. Farrell _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒  Relief other than monetary damages is sought.

DATE: 03/02/2021 _____ _____ 319145

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## <u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | | | |
|---|---|---|---|
| Jessica Gilbert | | : | CIVIL ACTION |
| | v. | : | |
| Cordicate IT, LLC and Sean Baird | | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| 03/02/2021 | | Plaintiff, Jessica Gilbert |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | farrell@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

—————————————————  :

**JESSICA GILBERT**                    :
                                      :          **CIV. A. NO. _____**
                        **Plaintiff,**   :
                                      :
                **v.**                :
                                      :
**CORDICATE IT, LLC**                  :
                                      :
        **and**                       :
                                      :
**SEAN BAIRD**                         :
                                      :          **JURY TRIAL DEMANDED**
                        **Defendants.**  :
—————————————————  :

## CIVIL ACTION COMPLAINT

### I.   INTRODUCTION

Plaintiff, Jessica Gilbert ("Plaintiff"), brings this action against her former employer, Cordicate IT, LLC ("Defendant Cordicate"), for unlawful sex/ pregnancy discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff also brings this action against Sean Baird ("Defendant Baird"), Managing Director and Founder of Defendant Cordicate, for aiding, abetting, inciting, compelling and/or coercing Defendant Cordicate's discriminatory conduct, in violation of the PHRA.

Plaintiff seeks damages, including economic loss, compensatory, punitive, attorneys' fees, and all other relief that this Court deems appropriate.

### II.   PARTIES

1.      Plaintiff, Jessica Gilbert, is an individual and a citizen of the state of Florida.

1

Plaintiff currently resides in Apollo Beach, Florida.

2.      Plaintiff is female.

3.      Defendant, Cordicate IT, LLC ("Defendant Cordicate"), is a Pennsylvania corporation with a principal place of business located at 794 Penllyn Blue Bell Pike, Suite 200, Blue Bell, PA 19422.

4.      Defendant, Sean Baird ("Defendant Baird"), is an individual and the Managing Director and Founder of Defendant Cordicate. Defendant Baird maintains a principal place of business at 794 Penllyn Blue Bell Pike, Suite 200, Blue Bell, PA 19422.

5.      Defendant Cordicate is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

6.      At all times material hereto, Defendant Cordicate employed more than fifteen (15) employees.

7.      At all times material hereto, Defendant Cordicate acted by and through its authorized agents, workmen, and/or employees acting within the course and scope of their employment with Defendant Cordicate and in furtherance of Defendant Cordicate's business.

8.      At all times material hereto, Defendant Cordicate acted as an employer within the meaning of the statutes which form the basis of this matter.

9.      At all times material hereto, Plaintiff was an employee of Defendant Cordicate within the meaning of the statutes which form the basis of this matter.

### III.     JURISDICTION AND VENUE

10.     The causes of action which form the basis of this matter arise under Title VII (Count I) and the PHRA (Counts II-III).

11.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

12.     The District Court has supplemental jurisdiction over Counts II-III (PHRA) pursuant to 28 U.S.C. §1367.

13.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f)(3).

14.     On or about April 16, 2019, Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged herein.  This Charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of Plaintiff's PHRC Charge of Discrimination (with personal identifying information redacted).

15.     On or about December 3, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue for her Charge of Discrimination.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of the Notice (with personal identifying information redacted).

16.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.   **FACTUAL ALLEGATIONS**

17.     Plaintiff was employed by Defendant Cordicate from on or about December 12, 2011 until on or about March 20, 2019, the date of her unlawful, discriminatory termination.

18.     Defendant Cordicate is a managed-service technology company that

provides consulting and information technology services to companies in a wide variety of industries.

19.     At all times material hereto, Plaintiff held the position of Senior Technical Advisor for Defendant Cordicate and reported directly to Defendant Baird.

20.     As a Senior Technical Advisor, Plaintiff was responsible for, among other things, marketing Defendant Cordicate's information technology services and obtaining new business.

21.     At all times throughout her employment with Defendant Cordicate, Plaintiff was an excellent employee who performed her job duties in a highly competent manner.

22.     In or about May 2017, Plaintiff moved from Pennsylvania to Florida, where she continued working for Defendant Cordicate on a remote basis.

23.     In or about April 2018, Plaintiff informed Defendant Baird that she was pregnant and expected to deliver her child in the October-November 2018 timeframe.

24.     After Plaintiff disclosed her pregnancy, Defendant Cordicate hired an individual named Jason Douglas ("Douglas") into a marketing position.

25.     Prior to Douglas' hire, Plaintiff held the primary marketing responsibilities for Defendant Cordicate.

26.     Following Douglas' hire, Defendant Cordicate stripped Plaintiff of her marketing responsibilities and reassigned them to Douglas, a less-qualified male.

27.     A few months later, in or about August 2018, Plaintiff discussed the details of her forthcoming maternity leave with Defendant Baird. During that conversation, Defendant Baird informed Plaintiff that she "should only need two weeks of leave." Plaintiff told Defendant Baird that two weeks would not be enough time. Plaintiff and

Defendant Baird then agreed on a maternity leave period of approximately one-month following the birth of Plaintiff's child.

28.    On November 1, 2018, Plaintiff gave birth to her son and commenced maternity leave.

29.    Plaintiff's maternity leave concluded on December 6, 2018.

30.    Following Plaintiff's return from maternity leave, Defendant Baird:

- treated Plaintiff in a hostile and dismissive manner;

- ignored and excluded Plaintiff from meetings and communications relevant to her job duties; and

- failed to timely pay Plaintiff her earned sales commissions.

31.    Less than four months following Plaintiff's return from maternity leave, on March 20, 2019, Defendant Baird abruptly terminated Plaintiff's employment during a phone call, effectively immediately.

32.    Defendant Baird's stated reason for the termination decision was that the company had decided to "eliminate" Plaintiff's position and create a "new sales administrative position."

33.    Defendant Baird also falsely accused Plaintiff of refusing to perform her marketing duties. In fact, Defendant Cordicate had unilaterally stripped Plaintiff of those duties and reassigned them to Douglas following the disclosure of her pregnancy in or about April 2018.

34.    In response to Defendant Baird, Plaintiff asked to be considered for the new sales administrative position, but Defendant Baird turned down Plaintiff's request. Plaintiff then asked Defendant Baird if there was anything she could do to remain employed by the

company. Defendant Baird answered "no."

35.     Plaintiff was blindsided by the news of her termination. Prior to her call with Defendant Baird on March 20, 2019, Plaintiff had received no indication that her job was in jeopardy. Defendant Baird had also never mentioned to Plaintiff a desire or need to create a new sales administrative position, or that, when created, Plaintiff would not be considered for the role.

36.     Defendant Baird failed to provide Plaintiff any explanation for why Defendant Cordicate would not consider her for the new sales administration position.

37.     Defendant Cordicate's stated reasons for terminating Plaintiff's employment served as a pretext for sex/ pregnancy discrimination.

38.     Upon information and belief, Defendant Cordicate ultimately hired a less-experienced and less-qualified male into the new sales administrative position.

39.     Upon information and belief, following the termination of Plaintiff's employment, Defendant Cordicate reassigned Plaintiff's job duties to less-qualified, less-experienced male employees.

40.     Plaintiff's sex/ pregnancy was a motivating and/or determinative factor in Defendant Cordicate's discriminatory treatment of Plaintiff, including, but not limited to, stripping Plaintiff of her marketing duties, refusing to consider Plaintiff for/ failing to offer Plaintiff the new sales administrative role, and terminating Plaintiff's employment.

41.     Plaintiff's family caregiving responsibilities were a motivating and/or determinative factor in Defendant Cordicate's discriminatory treatment of Plaintiff, including, but not limited to, stripping Plaintiff of her marketing duties, refusing to consider Plaintiff for/ failing to offer Plaintiff the new sales administrative role, and terminating

Plaintiff's employment.

42.     As a direct and proximate result of the discriminatory conduct of Defendant Cordicate, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

43.     Defendant Cordicate acted with malice and/or reckless indifference to Plaintiff's protected rights.

44.     The conduct of Defendant Cordicate, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages.

45.     Defendant Baird aided, abetted, incited, compelled and/or coerced the discrimination to which Plaintiff was subjected during her employment with Defendant Cordicate.

**COUNT I - Title VII**
**Plaintiff v. Defendant Cordicate IT, LLC**
**(Disparate Treatment – Sex/ Pregnancy Discrimination)**

46.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

47.     Plaintiff's sex/ pregnancy was a motivating and/or determinative factor in connection with Defendant Cordicate's treatment of her.

48.     Plaintiff's family caregiving responsibilities were a motivating and/or determinative factor in connection with Defendant Cordicate's treatment of her.

49.     By committing the foregoing acts of discrimination against Plaintiff, including stripping Plaintiff of her marketing duties, refusing to consider Plaintiff for/

failing to offer Plaintiff the new sales administrative role, and terminating Plaintiff's employment, Defendant Cordicate has violated Title VII.

50.     Said violations were intentional and warrant the imposition of punitive damages.

51.     As a direct and proximate result of Defendant Cordicate's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

52.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Cordicate's discriminatory acts unless and until this Court grants the relief requested herein.

### COUNT II – PHRA
**Plaintiff v. Defendant Cordicate IT, LLC**
**(Disparate Treatment – Sex/ Pregnancy Discrimination)**

53.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

54.     Plaintiff's sex/ pregnancy was a motivating and/or determinative factor in connection with Defendant Cordicate's treatment of her.

55.     Plaintiff's family caregiving responsibilities were a motivating and/or determinative factor in connection with Defendant Cordicate's treatment of her.

56.     By committing the foregoing acts of discrimination against Plaintiff, including stripping Plaintiff of her marketing duties, refusing to consider Plaintiff for/ failing to offer Plaintiff the new sales administrative role, and terminating Plaintiff's employment, Defendant Cordicate has violated the PHRA.

57.     As a direct and proximate result of Defendant Cordicate's violation of the

PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

58.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Cordicate's discriminatory acts unless and until this Court grants the relief requested herein.

**COUNT III - PHRA**
**Plaintiff v. Defendant Sean Baird**
**(Aiding and Abetting)**

59.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

60.     Defendant Baird willfully and knowingly aided, abetted, incited, compelled and/or coerced Defendant Cordicate in the discrimination to which Plaintiff was subjected.

61.     Defendant Baird knowingly gave substantial assistance and/or encouragement to the unlawful acts of discrimination of Defendant Cordicate towards Plaintiff.

62.     Defendant Baird, by committing the foregoing acts of discrimination, has violated the PHRA.

63.     Said violations were intentional and willful.

64.     As a direct and proximate result of Defendant Baird's violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

65.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Baird's discriminatory acts unless and until the Court grants the relief requested herein.

## RELIEF

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that this Court grant him the following relief by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of PHRA;

(c)     enjoining and permanently restraining the violations alleged herein;

(d)     entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(e)     awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(f)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(g)     awarding punitive damages to Plaintiff;

(h)     awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA;

(i)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(j)     granting such other and further relief as this Court may deem just, proper,

or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

**CONSOLE MATTIACCI LAW LLC**

/s/ Brian Farrell
Brian Farrell, Esquire
Console Mattiacci Law LLC
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 565-2851 (fax)
farrell@consolelaw.com
Attorney for Plaintiff, Jessica Gilbert

Date: March 2, 2021

11

# Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

|  |  |  |
|---|---|---|
| Jessica Gilbert, | : | |
| Complainant | : | |
| | : | |
| v. | : | PHRC Case No. 201901569 |
| | : | |
| Cordicate IT, LLC, | : | EEOC No. 17F202060808 |
| Respondent | : | |
| | : | |

## **COMPLAINT**

### **JURISDICTION**

1.  Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### **PARTIES**

2.  The Complainant herein is:

    Jessica Gilbert

    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    Apollo Beach, FL  33572

3.  The Respondent herein is:

    Cordicate IT, LLC
    794 Penllyn Pike
    Suite 200
    Blue Bell, PA 19422

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**COMPLAINT**

Received
APR 1 6 2019
PA Human Relations Commission
Philadelphia Regional Office

| | |
|---|---|
| COMPLAINANT: | : |
| **JESSICA GILBERT** | : |
| v. | : |
| RESPONDENTS: | : |
| **CORDICATE IT, LLC** | : |
| and | : |
| **SEAN BAIRD, aider and abettor** | : |

Docket No. 2019 01569

1. The Complainant herein is:

   Name:      Jessica Gilbert

   Address:   ████████████
              Apollo Beach, FL 19422

2. The Respondents herein are:

   Names:     Cordicate IT, LLC ("Respondent Company"); Sean Baird, aider and
              abettor ("Respondent Baird")

   Address:   794 Penllyn Pike Suite 200
              Blue Bell, PA 19422

3. I, Jessica Gilbert, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my sex (female) and pregnancy.

**Discrimination**

A.  I specifically allege:

[1]        I began working at Respondent Company in or about December 11, 2011.

[2]        I consistently performed my job duties in a highly competent manner.

[3]        I last held the position of Senior Technical Advisor.

[4]        I reported to Respondent Sean Baird (male), Owner.

[5]        I was the second highest-ranking female employee at Respondent

Company.

[6]        Respondent Company has an underrepresentation of female employees,

particularly in high level positions.

[7]        At the time of my termination, the following employees reported to

Respondent Baird (male) and were **not** terminated: Jason Douglas (male), Marketing; Ray

Slough (male), Sales/Account Manager; Jessy Schurer (female), Receptionist; and Sharon

McGrory (female), Controller.  I was qualified, if not more qualified, to perform these

employees' positions.

[8]        In or about April 2018, I informed Respondent Baird (male) that I was

pregnant, and that my due date was in November 2018.

[9]        After I informed Respondent Company that I was pregnant, Respondent

Company hired Douglas (male).

[10]       Before Douglas (male) was hired, I had been handling marketing duties.

[11]       When Douglas (male) was hired, after I informed Respondent Baird

(male) that I was pregnant, Respondent Company took away my marketing job duties and gave

them to Douglas (male). I was told that Douglas (male), instead of me, would handle marketing duties moving forward.

[12]     Respondent Company provided me with no explanation as to why my marketing job duties were taken away and given to Douglas (male).

[13]     My marketing job duties were taken away and given to Douglas (male) because of my sex and/or pregnancy.

[14]     In or about August 2018, in a meeting with Respondent Baird (male), I discussed taking maternity leave. Respondent Baird stated that I should only need two (2) weeks of leave. I requested a longer maternity leave, and agreed to return to work within one (1) month of giving birth.

[15]     On November 1, 2018, I gave birth to my son and went out on maternity leave.

[16]     I was on maternity leave from November 1, 2018 to December 6, 2018.

[17]     On December 6, 2018, I returned to work from maternity leave.

[18]     After I returned from maternity leave, I was ignored and was excluded from meetings and communications relevant to my job duties.

[19]     After I returned from maternity leave, I was treated differently, and in a more hostile and dismissive manner, than male and/or female employees who had not recently taken a maternity leave were treated and than I was treated before I was pregnant and gave birth.

[20]     After I returned from maternity leave, Respondent Baird (male) told me that he was too busy to communicate with me.

[21]     After I returned from maternity leave, Respondent Company failed to pay me my earned commissions.

[22]     On March 20, 2019, in a phone call with Respondent Baird (male), Respondent Company terminated my employment, effective immediately. The stated reasons were that my position was being eliminated and Respondent Company was creating a new sales administrative position. I was qualified for the position, said I wanted it, and was denied it. Respondent Baird (male) stated that Respondent Company tried to give me marketing duties but I did not want to do them. This was false. I had been handling marketing duties, and wanted to continue handling marketing duties, but Respondent Company hired Douglas (male) after I notified Respondent Company of my pregnancy, and took the duties away from me and gave the duties to Douglas (male). I asked if there was anything I could do to remain employed with Respondent Company, and was told that there was not.

[23]     Respondent Company did not provide any explanation as to why I was terminated but the recently hired Douglas (male) was retained.

[24]     Respondent Company terminated my employment because of my sex and/or pregnancy.

[25]     Respondent Company failed to offer me the open, newly created position for which I was qualified, even when I requested to be placed in the position.

[26]     Respondent Company failed to offer me the open, newly created position for which I was qualified because of my sex and/or pregnancy.

[27]     I was not offered any opportunities to remain employed with Respondent Company.

[28]     Before the call on March 20, 2019, during which I was terminated, I had no indication that my job was in jeopardy.

[29]     I received no indication that Respondent Company found my performance deficient or that Respondent Company was considering eliminating my position and creating a new position.

[30]     I was the only employee terminated from Respondent Company on March 20, 2019.

[31]     I had no performance or disciplinary issues throughout my employment.

[32]     Respondent Company assigned my job duties to Douglas (male), Slough (male), and Jeffrey Moser (male), Chief Technology Officer.  I am more qualified to do my job than the male employees to whom Respondent Company assigned my job duties.

[33]     Respondent Company subjected me to a hostile work environment because of my sex and/or pregnancy.

[34]     Respondents' sex and pregnancy discriminatory conduct toward me has caused me emotional distress.

**B.**  Based on the aforementioned, I allege that Respondent Company has discriminated against me because of my sex (female) and pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

__X__     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a)__**

____     Section 5.1 Subsection(s) _____

____     Section 5.2 Subsection(s) _____

_____   Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.      Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

      **X**      **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

6.      The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation

complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

4/15/19
(Date Signed)

*Jessica Gilbert*
(Signature)    Jessica Gilbert
████████████████
Apollo Beach, FL 19422

Exhibit "2"

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Jessica Gilbert**

█████████████

**Apollo Beach, FL 33572**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2020-60808** | **Kurt Jung**<br>**State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*

**Jamie R. Williamson**
**District Director**

**12/03/2020**

*(Date Mailed)*

Enclosures(s)

cc: **CORDICATE IT, LLC**

**Brian C. Farrell, Esq.**
**Console Mattiacci Law**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**
farrell@consolelaw.com
buccieri@consolelaw.com

**Charles L. Shute, Jr., Esq.**
**Obermayer Rebmann Maxwell & Hippel LLP**
**2 West Market Street, Suite 100**
**West Chester, PA 19382**
charles.shute@obermayer.com